**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**                              **NO. 3:05-CV-00150  GTE**

**LARRY THOMAS and ROSIE THOMAS**                                 **DEFENDANTS**

<u>**ORDER**</u>

Pending before the Court is the Government's Motion for Summary Judgment.  On

August 10, 2007, Defendants filed a Motion for Extension of Time to File a Response to the

Government's motion.  The Court granted Defendants' motion and allowed them up to and

including October 9, 2007 to file their response.  Defendants failed to file a response.  On

October 18, 2007, this Court directed Defendants to show cause by filing with the Court a

statement setting forth any and all facts and circumstances which support her position that

summary judgment should not be entered in the Government's favor. On October 25, 2007, the

deadline given by the Court, Defendants filed their response.  However, Defendants failed to

comply with the Court's instructions in its Scheduling Order regarding the format of summary

judgment responses and Local Rule 56.1(b).  Pursuant to Local Rule 56.1(c), "[a]ll material facts

set forth in the statement filed by the moving party . . . shall be deemed admitted unless

controverted by the statement filed by the non-moving party . . . ."  Because Plaintiff failed to

controvert the statements filed by Defendants, those facts are deemed admitted.

## I.  Summary Judgment Standard

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, <u>i.e.</u>, '[to] point[] out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id*. at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)(brackets in original)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.*

2

*Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  However, the moving party

is not required to support its motion with affidavits or other similar materials negating the

opponent's claim.  *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute

on a material fact, the non-moving party may not rest upon the mere allegations or denials of his

pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth

specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e).  The

plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving

party which, after adequate time for discovery, fails to make a showing sufficient to establish the

existence of an element essential to its case, and on which that party will bear the burden of proof

at trial.  *Celotex Corp.*, 477 U.S. at 322.

## II.      Motion for Summary Judgment

On June 30, 2005, the United States of America, U.S. Department of Agriculture, Farm

Service Agency, brought this action to obtain an *in rem* judgment on delinquent loans.  Plaintiff

is the owner and holder of the Promissory Notes described as:

| Loan Code | Date | Principal | Interest |
|-----------|------|-----------|----------|
| 44-04 | 1/14/99 | $ 34,470.00 | 5% |
| 44-05 | 1/14/99 | $17,978.52 | 5% |
| 43-07 | 8/1/00 | $ 5,785.65 | 3.75% |

and Security Agreements dated March 20, 1998, January 14, 1999, and August 1, 2000; and

Financing Statements: Instrument No. 80552 on March 20, 1998; and continued on February 21,

2004; as Instrument No. 81428 on January 11, 1999; and Instrument No. 83233 on July 26, 2000,

which were properly perfected by filing in the Office of the Circuit Clerk of Crittenden County, Arkansas.

According to the Government's motion, the last payments were made on Loan 44-04 on 7/7/03, Loan 44-05 on 11/2/04, and Loan 43-07 on 10/7/04.  The account had been declared in default on February 9, 2005.  Plaintiff has declared the entire balance due and payable and has made demand upon said defendants for payment.  There is now due and owing to the Plaintiff, United States of America, U.S. Department of Agriculture, Farm Service Agency, the principal sum of $47,036.02, plus interest of $10,142.22, accrued to July 24, 2007, and thereafter at a daily rate of $5.9519, and costs.

 In their response, Defendants state that "on August 1, 2000 this loan this promissory note was pa[id] in full and now here on April 1, 2001, I did not get a loan . . . ."  With regard to the rejection of Defendants loan application, Defendants state, "I was rejected in two days which is discrimination."  Defendants submit a denial of their application request dated April 4, 2001, mortgages statements of Jimmy and Carol Sharp, Joe and Linda Baratti, Charles and Susan Marconi, a Chapter 13 Bankruptcy Summary Report ending 2/28/06, and a Disbursement Statement from the United States Department of Agriculture.  Defendants attach a letter from an attorney providing Mr. Thomas with legal advice, and a cover letter from Senator Blanche Lincoln enclosing a letter from State Director of the Farm Service Agency Len Baylock, which states that there are still outstanding credit history issues that need to be resolved before a loan can be made to Mr. Thomas.

Defendants provide a copy of a promissory note for loan 44-06, which is not one of the loans referenced in the affidavit, with a handwritten note that states, "This is a copy of this note

that I have pa[id] but I am still paying this.  This was pa[id] in 2000."  Defendants also submit an

"Online Borrower History," and a letter requesting payment on or before April 1, 2001,

referencing loans 44-06 and 43-07, which contains a handwritten note that has an arrow from the

line regarding loan 44-06, stating, "here is a note that was pa[id] in full but I am still paying for

this here is the proof . . . This promissory show this is pa[id] 44-06 is the number that you look

at."  The submissions of Defendants are not adequate to rebut the summary judgment proof

submitted by the Government.

Defendants also reference "legislation" and a discrimination lawsuit ("the *Pigford*

lawsuit") that precludes the Government from foreclosing on "black farmers."  Defendant

submits a press release from the office of Congressman Artur Davis stating that H.R. 2419, The

Farm, Nutrition, and Bioenergy Act of 2007, passed the House.  According to the press release,

the bill will provide protections for *Pigford* litigants facing foreclosure.  However, even if the bill

is now law, Defendants do not assert that they fall within the class of "*Pigford* litigants"

referenced.  Furthermore, even if Defendants do fall within the "protections for *Pigford* litigants

facing foreclosure," there is no indication that this is the appropriate case to address those issues.

Finally, Defendants request an extension of time to obtain counsel and an injunction

against foreclosure.  The Complaint in this case was filed on June 30, 2005.  The case was

voluntarily dismissed due to a bankruptcy stay on October 11, 2005.  On March 23, 2007, the

Court granted the Government's motion to reopen the case.  Defendants filed their answer on

July 5, 2007.  The Government filed its Motion for Summary Judgment on July 31, 2007.  As

noted above, on August 14, 2007, the Court extended Defendants time to respond to October 9,

2007.  Defendants failed to file a timely response.[1]  The Court declines to grant Defendants an

additional extension of time.

Accordingly,

IT IS THEREFORE ORDERED that the Government's Motion for Summary Judgment

(Docket No. 12) be, and it is hereby, GRANTED.

IT IS SO ORDERED this 31st day of October, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

---

[1]Defendants submit a note stating that they did not receive a mailing of the Order granting their request for an extension of time to respond to the Government's motion.  The Court notes that copies of Docket No. 17 were mailed by the Clerk's office.  Subsequently, Defendants filed a Notice of Change of Address.