**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**UNITED STATES OF AMERICA**                                                                                          **PLAINTIFF**

**V.**                                        **NO. 3:05-CV-00150  GTE**

**LARRY THOMAS and ROSIE THOMAS**                                                                **DEFENDANTS**

**ORDER**

Presently before the Court is Defendants' Motion to Quash Writ of Assistance and for Other Relief. On October 31, 2007, this Court entered judgment for the Government. On November 7, 2007, Defendants filed their Notice of Appeal to the Eighth Circuit.

The filing of a notice of appeal is "an event of jurisdictional significance" that confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal. *Liddell v. Bd. of Educ.,* 73 F.3d 819, 823 (8th Cir.1996) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982)). For efficacious reasons, a "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Hunter v. Underwood,* 362 F.3d 468, 475 (8th Cir. 2004). A district court that is divested of jurisdiction may not reexamine or supplement the order appealed. *Missouri v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1106 (8th Cir.1999).

On December 20, 2007, Defendants filed the present motion requesting that this Court "remand this case to the Secretary of Agriculture," "stay these proceedings pending the determination by the U.S. SUPREME COURT as to which circuit has jurisdiction," "stay the

1

proceeding pending the President[']s decision on the 110th Congress Farm Bill H.R. 2419," or "rule that the Government has failed to comply with the federal and state mediation statutes." Defendants raised the issues of the *Pigford* lawsuit and H.R. 2419 in their response to the Government's Motion for Summary Judgment, as noted in the Court's Order on said motion. Because this Court is divested of jurisdiction and may not reexamine or supplement the order appealed, the Court must deny Defendants' motion.

Accordingly,

IT IS THEREFORE ORDERED that Defendants' Motion to Quash Writ of Assistance and for Other Relief (Docket No. 41) be, and it is hereby, DENIED.

IT IS SO ORDERED this 26th day of December, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE